JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. ED CV 21-01376-DOC-KK                             Date: October 11, 2021

Title: PATRICIA REYNOSO V. CORONA POST ACUTE, LLC ET AL.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| T. Steele | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 10) brought by Plaintiff Patricia Reynoso ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California, County of Riverside.

## I. Background

### A. Facts

The following facts are drawn from Plaintiff's Complaint ("Compl.") (Dkt. 4-1). Plaintiff is the daughter of the decedent Marguerite Buchanan ("Ms. Buchanan"). Compl. ¶ 10. Ms. Buchanan was 84 years old at the time of her death on July 24, 2020. *Id.* ¶¶ 1, 5. Ms. Buchanan resided at Defendant Corona Post Acute ("Defendant" or "Corona"), a skilled nursing facility in Corona, California. *Id.* ¶ 1. Ms. Buchanan had a history of chronic obstructive pulmonary disease (COPD), atrial fibrillation, and heart issues, which limited her mobility and made her particularly susceptible to contracting airborne

Case 5:21-cv-01376-DOC-KK   Document 15   Filed 10/11/21   Page 2 of 6   Page ID #:1004

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 21-01376-DOC-KK                               Date: October 11, 2021
                                                                          Page 2

illnesses. *Id.* ¶ 22. Due to her physical conditions, Ms. Buchanan was dependent on the facility staff for daily activities, cleaning, cooking, and exercise. *Id.* ¶ 21.

Corona records document that Ms. Buchanan had a potential contact with a staff member who had tested positive for COVID-19 on June 2, 2020. *Id.* ¶ 23. On June 13, lab reports showed that she had developed a urinary tract infection and had abnormally high white and red blood cell counts. *Id.* ¶ 24. On June 26, Ms. Buchanan was moved to an isolation room, despite having no fever or other symptoms of COVID-19. *Id.* ¶ 25. She was placed in that isolation room with a roommate and was informed that the roommate had tested positive for COVID-19. *Id.* ¶ 25.

Ms. Buchanan tested negative for COVID-19 on June 30, 2020. *Id.* ¶ 26. At the beginning of July, Ms. Buchanan was moved to a different room with another COVID-positive resident. *Id.* ¶ 27. Ms. Buchanan tested positive for COVID-19 on July 8. *Id.* ¶ 28. She tested negative on July 16. *Id.* ¶ 32.

Four days later, on July 20, Ms. Buchanan complained of a headache and general ill feeling. *Id.* ¶ 34. On July 22, Ms. Buchanan was found on the floor after a fall; when found, she could barely speak. *Id.* ¶ 35. She was taken to Corona Regional Hospital and diagnosed with pneumonia and a fever. *Id.* Ms. Buchanan's condition continued to deteriorate, and she passed away on July 24, 2020 from cardiopulmonary arrest, acute respiratory failure due to sepsis, pneumonia, and COVID-19. *Id.* ¶ 36. Plaintiff alleges that Corona failed to implement effective infection control policies in the facility to protect residents from exposure to COVID-19. *Id.* ¶¶ 38-39.

### B. Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Riverside, on June 3, 2021. *See generally* Compl. Defendant was served on July 15, 2021. Notice of Removal (Dkt. 1). On August 16, Defendant removed the action to this Court, asserting federal officer and federal question jurisdiction. *Id.* Plaintiff filed the instant Motion to Remand on September 9, 2021. Defendant opposed ("Opp'n") on September 27, 2021 (Dkt. 13).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 21-01376-DOC-KK         Date: October 11, 2021
                                       Page 3

relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Removal jurisdiction under 28 U.S.C. § 1442(a), the federal officer removal statute, "authorizes removal of a civil action brought against any person 'acting under' an officer of the United States 'for or relating to any act under color of such office.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (quoting 28 U.S.C. § 1442(a)(1)). "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

Federal-question jurisdiction may be the basis for removal to federal court if the adjudication of plaintiff's claims for relief depend on the laws of the United States. *See Mims v. Arrow Fin. Serv.*, 565 U.S. 368, 377 (2012). "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layn & Bowler Co.*, 241 U.S. 257, 260 (1986). Pursuant to the 'well-pleaded complaint rule,' federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

Plaintiff brings three claims under state law relating to Defendant's alleged neglect and mistreatment of Ms. Buchanan: elder abuse in violation of California Welfare & Institutions Code § 15610.27, negligence, and wrongful death. *See generally* Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 21-01376-DOC-KK　　　　　　　　　　　　　　　　　　Date: October 11, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

Defendant argues that this Court has federal question jurisdiction because Plaintiff's claims are pre-empted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), and has federal officer jurisdiction because Defendant is "part of the nation's critical infrastructure" acting under the direction of federal officers. Notice of Removal ¶ 11, 81. The Court disagrees.

### A. Federal question jurisdiction

Defendant argues that Plaintiff's claims are pre-empted by the PREP Act, 42 U.S.C. § 247d-6d, which creates immunity for liability under federal and state law with respect to claims relating to the administration of a "covered countermeasure." Opp'n at 3. The PREP Act provides that

> a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [by the Secretary of Health and Human Services] has been issued with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1). Defendant claims that the PREP Act is a complete pre-emption statute such that Plaintiff's state law claims arise under federal law. Opp'n at 4. However, the overwhelming majority of federal courts have found that the PREP Act does not have complete pre-emptive effect. *See Padilla v. Brookfield Healthcare Ctr.*, No. 21-cv-2062-DMG, 2021 WL 1549689, at *4 (C.D. Cal. Apr. 19, 2021) ("Nearly every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect.").

Even if the PREP Act did apply to Plaintiff's claims, there has been no administration or use of covered countermeasures here. Plaintiff's allegations center on Defendant *failing* to act with respect to testing, isolation, and other protective measures. Inaction does not generally fall within the scope of immunity provided by the PREP Act. *See* 42 U.S.C. § 247d-6d(b)(1) (granting immunity for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure"); *see also Lyons v. Cucumber Holdings, LLC*, No. 20-cv-10571-JFW, 2021 WL 364640, at *5 (C.D. Cal. Feb. 3, 2021) (finding PREP Act inapplicable where "inaction, rather than action, by Defendants that caused Decedent's death" and collecting comparable COVID-19 cases). Under a common-sense reading of the statute, Defendant has not engaged in the "administration" of covered countermeasures and the PREP Act does not confer immunity on Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 21-01376-DOC-KK　　　　　　　　　　　　　　　　　　Date: October 11, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

Defendants next argue that the PREP Act confers an independent ground for federal question jurisdiction under *Grable*, because it implicates federal issues. Opp'n at 18-19. *Grable* provides federal jurisdiction over state law claims which "necessarily raise a stated federal issue, actually disputed and substantial, [and] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Defendant claims that having a uniform interpretation of the PREP Act is a substantial federal issue such that *Grable* applies. Opp'n at 18. However, Grable looks to a plaintiff's claims, not to defenses. *Grable* is not applicable here.

As such, the Court finds there is no federal question jurisdiction over Plaintiff's claims.

**B. Federal officer jurisdiction**

Defendant bears the burden of demonstrating that "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

Defendant next argues that there is federal officer jurisdiction here because Defendant was acting under the direction of the Centers for Disease Control ("CDC") and the Centers for Medicare & Medicaid Services ("CMS"). Opp'n at 20. In particular, Defendant argues that acting under the direction of a federal officer includes "an effort to *assist*, or help *carry out*, the duties or tasks of the federal superior." *Id.* (citing *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007)). Defendant alleges that it was following detailed directives on COVID-19 containment given by federal agencies to healthcare facilities, and as such as assisting those agencies in a "coordinated national effort." *Id.* at 21. However, a "private [entity]'s compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official" . . . even if the regulation is highly detailed and even if the private [entity]'s activities are highly supervised and monitored." *Watson*, 551 U.S. at 153. Defendant has not alleged any specific information that would demonstrate that they were transformed into federal officers beyond the detailed regulation and guidance that the Supreme Court has held is insufficient for jurisdiction. As such, the Court finds that there is no federal officer jurisdiction in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 21-01376-DOC-KK						Date: October 11, 2021
									Page 6

### IV.	Disposition

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion. Accordingly, the Court **REMANDS** this case to the Superior Court of Riverside County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11							Initials of Deputy Clerk: ts

CIVIL-GEN